LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES SEYMOUR,<br><br>               Plaintiff,<br><br>    v.<br><br>SCOTT CHRISTOPHER MILLER, individually and in his official capacity as an employee of the municipality of Coolville, Ohio;<br><br>and<br><br>VILLAGE OF COOLVILLE, OHIO<br>26139 Main Street<br>Coolville, Ohio 45723<br><br>             Defendants. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Presiding Judge _____<br>Magistrate Judge _____ |

## I.   INTRODUCTION

For several months, up to the present date, Plaintiff James Seymour ("Seymour"), his fiancé, his family, and his friends have been harassed, stalked, and forced to live in fear of Defendant Coolville Police Department's Chief of Police, Scott Christopher Miller ("Miller"). Defendant Miller has falsely detained and imprisoned Plaintiff Seymour; Defendant Miller has beaten Plaintiff Seymour for no reason, using excessive force, on

multiple occasions; Defendant Miller has verbally threatened Plaintiff Seymour on numerous occasions; Defendant Miller has stated that he plans to falsely concoct felony charges against Plaintiff Seymour, and on at least one occasion attempted to do so. Plaintiff Seymour (as well as a friend of Plaintiff Seymour's) has petitioned for a Civil Stalking Protection Order against Defendant Miller, yet the stalking, menacing, harassment, and threats against Plaintiff Seymour's life continue. Defendant Miller has terrorized Plaintiff Seymour to the point that he genuinely fears for his life. Defendant Miller has used his position and authority as Defendant Village of Coolville's Police Department's Chief of Police to conduct this harassment and terrorism with impunity.

## II.  NATURE OF THIS ACTION

1.      This is an action arising under the United States Constitution and 42 U.S.C. § 1983 ("1983"), Ohio state laws (Oho Revised Code), and Ohio common law.

2.      Plaintiff Seymour seeks money damages and equitable relief from Defendants for violating his constitutional rights. Plaintiff also brings Ohio state law claims.

## III.  PARTIES

### A. Plaintiff

3.      Plaintiff James Seymour is a male resident of Coolville, Ohio.

### B. Defendant

4.      Defendant Scott Christopher Miller is currently Defendant Village of Coolville's chief of police. On November 1, 2019, The International Association of Chiefs of Police (IACP) listed Defendant Miller as a new member.

5. Defendant Village of Coolville is a municipal entity located in Athens County, Ohio. Defendant Village of Coolville's listed address is 26319 Main Street, Coolville, Ohio 45723.

## IV. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 42 U.S.C. §§ 1983, and 1988.

7. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

8. This action arises under the United States Constitution as applied to state and/or local authorities through 42 U.S.C. § 1983.

## V. FACTS

### A. Defendant Miller beats, unlawfully seizes, and falsely imprisons Plaintiff Seymour

9. On or around August 2019, Plaintiff Seymour was walking on the road near his residence, when Defendant Miller drove his police cruiser alongside Plaintiff Seymour, exited his police cruiser, and stopped Plaintiff Seymour without just cause.

10. Once out of the cruiser, Defendant Miller withdrew his firearm and commanded Plaintiff Seymour to get on his knees.

11. Defendant Miller then commanded a police dog to go after Plaintiff Seymour. Defendant Miller is the Present Handler (from 2019 to the present) of a police dog (https://www.ohiopolicek9memorial.com/athens-1.html).

Coolville Police Department
- Current
  - **SPONSORED AX 2019-Present Handler: Scott Miller**

12.     Defendant Miller then beat and restrained Plaintiff Seymour.

13.     Defendant Miller then placed Plaintiff in the police cruiser.

14.     Defendant Miller did not take Plaintiff Seymour to jail. Defendant Miller, instead, called two Coolville city council members, Roxanna Rupe Chikki and Laura Toncray, and asked them to be witnesses to the events that just occurred, despite the fact these two city council members were not present for the beating and restraining of Plaintiff Seymour.

15.     Defendant Miller instructed the city council members to write what he said so the he can put felony charges on James [Plaintiff Seymour].

16.     While Plaintiff Seymour was in the back of Defendant Miller's police cruiser, he used his cellphone to call his fiancé, Rose Tyman (who is also the mayor of Coolville), and told her that was occurring.

17.     When Defendant Miller heard Plaintiff Seymour using his cellphone, he took the phone from Plaintiff Seymour and placed it in the front of the police cruiser.

18.     Upon receiving Plaintiff's phone call, Tyman drove to where the unlawful detainment of Plaintiff Seymour was taking place (Main Street in Coolville, Ohio).

19.     Defendant Miller told Tyman that he was going to put felony charges on James and indicated told Ms. Tyman he could charge Tyman with a crime as well.

20.     Soon thereafter, Plaintiff Seymour's mother also arrived on the scene.

21.     Defendant Miller told Plaintiff Seymour's mother that if she exited her vehicle, he would charge her with a crime as well.

22.     After approximately two hours, Miller permitted Plaintiff Seymour and Tyman were able to leave the scene and go home.

23.     Plaintiff Seymour sustained bruising and other physical injuries from this incident.

## B. Defendant Miller uses authority as Coolville's Chief of Police to harass Plaintiff Seymour's friend and threaten Plaintiff Seymour

24.     On or around May 30, 2020, Defendant Miller, under color of law, pulled over Plaintiff's friend, Jessie Harris, who had been driving in Coolville, Ohio.

25.     Upon pulling Harris over, Defendant Miller got out of his vehicle, went to Harris's window, and began questioning Harris about Plaintiff Seymour.

26.     Defendant Miller stated to Harris that he had "had it" with Plaintiff Seymour and that he was going to "take [Plaintiff Seymour] down."

27.     Harris then spoke to Plaintiff Seymour and made him aware that Defendant Miller had made these threats directed at Plaintiff Seymour during the traffic stop.

## C. Defendant Miller again beats, unlawfully seizes, and falsely imprisons Plaintiff Seymour

28.     On or around May 29/30, Plaintiff Seymour was preparing to pull out of the Go Mart parking lot, Defendant Miller drove by in his police cruiser. A city council member was in the cruiser with Defendant Miller.

29.     Plaintiff Seymour waived at Defendant Miller and his passenger as they passed by, and then pulled out of the parking lot to go home.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

30.     As Plaintiff Seymour was driving home, Defendant Miller approached him from the rear with his cruiser and instructed Plaintiff Seymour to pull over.

31.     Defendant Miller, again, stopped Plaintiff Seymour without just cause.

32.     During the stop, Defendant Miller told Plaintiff Seymour that he knows who he is and where he lives.   Defendant Miller also told Plaintiff that his bike was loud and that he could pull Plaintiff over for anything that he wanted.

33.     During the stop, Plaintiff Seymour requested that, due to the history between him and Defendant Miller, other police be called.  In response, Defendant Miller told Plaintiff Seymour that he was nothing but a criminal and so had no right to ask for additional help.

34.     Plaintiff Seymour attempted to called his fiancé, the mayor of the Village of Coolville, but when Defendant Miller heard this, he became irate, demanded Plaintiff Seymour end the telephone call, and struck Plaintiff Seymour in the face (on the right side of his chin) with a closed fist.

35.     Defendant Miller repeated to Plaintiff Seymour that he did not have any rights because he is a "criminal," grabbed him, slammed him onto the ground, and put him into a choke hold.

36.     Defendant Miller kept Plaintiff Seymour facedown in this choke hold and kept it in place to the point where Plaintiff Seymour could not breathe and feared for his life.

37.     Defendant Miller's strangulation of Plaintiff Seymour was so severe and excessive and lasted so long that Plaintiff Seymour defecated on himself.

38.     When Plaintiff Seymour indicated multiple times that he could not breathe and was in fear for his life, Defendant Miller continued to respond that he is a criminal.

39.     After this brutal and unlawful attack, Defendant Miller told Plaintiff to get up and place himself in the police cruiser, and that if he did not comply, he would be beaten and choked again.

40.     After Plaintiff Seymour was placed in the police cruiser, an ambulance arrived.

41.     An officer from Ohio State Highway Patrol, seeing the situation, pulled over to check on the situation.

42.     Plaintiff Seymour, as he did during his earlier unlawful detainment, stated that he did not feel safe around Defendant Miller and requested that another law enforcement agency be present.

43.     Deputy Kline of the Athens County Sherriff's Department also responded to the scene.

44.     Deputy Kline then transported Plaintiff Seymour to Southeastern Ohio Regional Jail.

45.     Plaintiff Seymour is suffered a bruised larynx, other physical injuries, and post-traumatic stress disorder stemming from the May 29/30, 2020 incident, as well as other incidents in which he has been brutalized by Officer Miller.  Plaintiff Seymour has had his Constitutional rights deprived by Defendant Miller. Plaintiff Seymour's injuries are severe and ongoing.

**D. Civil Stalking Protection Orders sought against Defendant Miller**

46.     Plaintiff Seymour is harassed and intimidated by Defendant Miller frequently when he leaves his residence. This occurs whether Plaintiff Seymour is alone or with friends and/or family and/or his fiancé.

47.     Defendant Miller not only continues to follow Plaintiff Seymour while driving his police cruiser, but Plaintiff Seymour has also been followed by Defendant Miller driving a dirt bike, a BMW, and a rail-buggy vehicle.

48.     Defendant Miller has threatened to use his authority as Defendant Coolville's Chief of Police to request that Child Protective Services investigate Plaintiff Seymour and his family.

49.     On or around June 10, 2020, Plaintiff Seymour petitioned the Athens County Common Pleas Court for a Civil Stalking Protection Order against Defendant Miller.

50.     The Protected Parties sought in Plaintiff Seymour's Civil Stalking Protection Order are Plaintiff Seymour, his fiancé and the mayor of the Village of Coolville, Rose Tyman, and Plaintiff's two sons, Billy James Seymour and Jack Walker Seymour.

51.     On or around June 9, 2020, Plaintiff Seymour's friend, Kelly Pagett, also petitioned the Athens County Common Pleas Court for a Civil Stalking Protection Order against Defendant Miller. Four parties, including Kelly Pagett, are named as Protected Parties in the petition.

52.     Due to her friendship and association with Plaintiff Seymour, Kelly Pagett has been targeted, harassed, and terrorized by Defendant Miller.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

53.     Kelly Pagett has secured a recording of Defendant Miller. In the recording, after leaving Plaintiff Seymour's home, Pagett who is in the car with her fiancé, sees Defendant Miller in his cruiser.  Knowing that Miller will likely pull her over, Pagett began recording.  Defendant Miller turns around to pull Pagett over and when he approaches Ms. Pagett, begins immediately talking about Plaintiff's Seymour's Facebook page.  In response to Pagett telling Defendant Miller that Plaintiff Seymour is afraid to leave because of fear that Defendant Miller may be "out roaming around," Defendant Miller responds, "every night, here on out."  Defendant Miller then proceeds to tell Pagett that Plaintiff Seymour is the biggest "pussy" that he's met in his life and that and that in the next few days he is going to be working to get some things with Seymour "closed-out."

54.     Because of Pagett's friendship with Plaintiff Seymour and, according to the recording, because Pagett liked a post on Plaintiff Seymour's Facebook Page, Defendant Miller has threatened to use his authority as Defendant Coolville Police Department's Chief of Police to request that Child Protective Services investigate Pagett and her family.

## VI.     LEGAL CLAIMS

### A.  Federal Law Claims

**First Claim for Relief**
**Against Defendant Miller**
**Violation of 42 U.S.C. § 1983**
**(Fourth Amendment, Fifth Amendment, and Fourteenth Amendment Excessive Force)**

55.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

56.     This claim is brought against Scott Christopher Miller in his individual and official capacity, pursuant to the United States Constitution Amendments IV, V, and XIV, in violation of 42 U.S.C. § 1983 and § 1988, based upon the intentional tort of excessive force.

57.     At all times material hereto, Defendant Miller was an employee and/or agent of the Coolville Police Department, and acting within the course and scope of his employment with the Coolville Police Department, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Coolville Police Department.

58.     Defendant Miller used unnecessary and excessive force, on the person of Plaintiff Seymour, depriving him of bodily integrity, liberty, and due process of law.

59.     To wit, Defendant Miller pulled over Plaintiff Seymour for no reason on at least two separate occasions and beat him excessively. On the night of May 29/30, 2020, specifically, Defendant Miller beat Plaintiff Seymour and placed him in a chokehold and strangled him. This strangulation lasted so long, and was so excessive, that Plaintiff Seymour defecated on himself while stating that he could not breathe and pleading for his life.

60.     The use of force exhibited by Defendant Miller against Plaintiff Seymour was unreasonable and clearly excessive.

61.     As a direct and proximate result of Defendant Miller's acts, omissions, and clear use of excessive force, Defendant Miller deprived Plaintiff Seymour of the right to due process of law guaranteed to him by the Fourth, Fifth and Fourteenth Amendments

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

of the United States Constitution, in particular, beating Plaintiff Seymour on at least two occasions.

<strong>Second Claim for Relief<br>Against Defendant Miller<br>Violation of 42 U.S.C. § 1983<br>(Fourth Amendment, Fifth Amendment, Fourteenth Amendment –<br>Unlawful Seizure and False Imprisonment)</strong>

62.    Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

63.    This claim is brought against Scott Christopher Miller in his individual and official capacity, pursuant to the United States Constitution Amendments IV, V, and XIV, in violation of 42 U.S.C. § 1983 and § 1988, based upon the intentional tort of false imprisonment.

64.    At all times material hereto, Defendant Miller was an employee and/or agent of Defendant Coolville Police Department, acting within the course and scope of his employment with Defendant Village of Coolville, and in furtherance of the interest of Defendant Coolville Police Department and with Defendant Coolville Police Department's consent.

65.    Defendant Miller, on at least one occasion, restrained Plaintiff Seymour against his will within the physical barrier of Defendant Miller's police cruiser, failed to release him for over two hours, and was acting without justification and without lawful authority to imprison and/or arrest Plaintiff Seymour.

66.    Defendant Miller's actions actually and proximately caused the false imprisonment of Plaintiff Seymour without Seymour's consent and against his will, in

violation of Seymour's rights under the Fourth, Fifth, and Fourteenth Amendments, resulting in physical damages and permanent and ongoing psychological damages.

## Third Claim for Relief
## Against Defendant Village of Coolville, Ohio
## Violation of 42 U.S.C. § 1983
## (*Monell* Liability)

67.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

68.     This claim is brought against Defendant Village of Coolville for its Police Department's policies, customs, and procedures and its ratification of civil rights violations.

69.     At all times material hereto, Defendant Miller was an employee and/or agent of Coolville Police Department an arm of the municipality of the Village of Coolville, Ohio.

70.     At all relevant times, Defendant Miller was acting within the course and scope of his employment with the Coolville Police Department, and in furtherance of the interest of the Coolville Police Department, and with the Coolville Police Department's consent.

71.     At all times material hereto, Defendant Miller acted under the color of law, as well as under the color of policies, practices, and customs of the Coolville Police Department. Defendant Miller deprived Plaintiff Seymour of the rights, privileges, and immunities secured to Plaintiff Seymour by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the United States.

72.     The Coolville Police Department's policies, practices, customs, and actions actually and proximately caused, and enabled, Defendant Miller's violations of Plaintiff Seymour's constitutional rights.

**B.  State Statutory Claims**

**Fourth Claim for Relief**
**Against Defendant Miller**
**O.R.C. §2307.60: Violation of Ohio Revised Code § 2921.45 *et seq*.**
**(Interfering with Civil Rights)**

73.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

74.     This claim is brought against Scott Christopher Miller in his individual and official capacity, based upon his violation of O.R.C. § 2921.45 *et seq*. which prohibits public servants from depriving any person of a constitutional or statutory right.

75.     At all times material hereto, Defendant Miller was an employee and/or agent of the Village of Coolville's Police Department, acting within the course and scope of his employment with the Village of Coolville's Police Department, and in furtherance of the interest of and with the consent of the Village of Coolville's Police Department.

76.     O.R.C. § 2921.45 states "(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

77.     Defendant Miller, on at least two separate occasions, violated and interfered with Plaintiff Seymour's civil rights. On at least two separate occasions, Defendant Miller violated Plaintiff Seymour's Constitutional civil rights protected by the Fourth, Fifth, and Fourteenth Amendments by subjecting Plaintiff Seymour to excessive force and false imprisonment.

78.     Defendant Miller's actions actually and proximately caused the violation of Plaintiff Seymour's Constitutional rights, and in the process caused physical damages and permanent and ongoing psychological damages, in addition to the deprivation of Plaintiff Seymour's civil rights.

### Fifth Claim for Relief
### Against Defendant Miller
### (O.R.C. §2307.60: Violation of Ohio Revised Code § 2921.45 *et seq.*
### (Dereliction of Duty)

79.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

80.     This is an action brought against Scott Christopher Miller in his individual and official capacity, based upon his violation of O.R.C. § 2921.44 *et seq.* which prohibits law enforcement officers from dereliction of their duties.

81.     O.R.C. § 2921.44 states that no law enforcement officer shall negligently "(2) Fail to prevent or halt the commission of an offense or to apprehend an offender, when it is in the law enforcement officer's power to do so alone or with available assistance."

82.     O.R.C. § 2921.44 states "(E) No public servant shall recklessly fail to perform a duty expressly imposed by law with respect to the public servant's office, or recklessly do any act expressly forbidden by law with respect to the public servant's office."

83.     Defendant Miller failed to prevent or halt the commission of an offense when he used excessive force to assault and falsely imprison Plaintiff Seymour on at least two separate occasions.

84.     Defendant Miller recklessly failed to perform a duty owed to Plaintiff Seymour when, under the color of law, Defendant Miller used excessive force to assault, and then falsely imprison, Plaintiff Seymour on at least two separate occasions, depriving Plaintiff Seymour of his Constitutional rights.

85.     Defendant Miller's dereliction of duty caused Plaintiff Seymour physical damages and permanent and ongoing psychological damages, in addition to the deprivation of Plaintiff Seymour's civil rights.

**Sixth Claim for Relief**
**Against Defendant Miller**
**O.R.C. §2307.60: Violation of Ohio Revised Code § 2921.52 *et seq.***
**(Sham Legal Process)**

86.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

87.     This claim is brought against Defendant Scott Christopher Miller in his individual and official capacity, based upon his violation of O.R.C. § 2921.52 *et seq*. which prohibits law enforcement officers from engaging in sham legal processes.

88.     O.R.C. § 2921.52 states that a sham legal process refers to an instrument that is (a) not lawfully issued and (b) purports "(iii) To require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property" and "(c) It is designed to make another person believe that it is lawfully issued."

89.     Defendant Miller used sham legal processes when he assaulted with excessive force, detained, and/or arrested Plaintiff Seymour without justification and when Plaintiff Seymour had committed no crimes.

90.     Defendant Miller alluded to his use of sham legal processes when he stated to Plaintiff Seymour that Defendant Miller could pull Plaintiff Seymour over for "anything I want."

91.     Defendant Miller's use of sham legal processes has caused Plaintiff Seymour physical damages and permanent and ongoing psychological damages, in addition to the deprivation of Plaintiff Seymour's civil rights.

### C.  Ohio Common Law Claims

<strong>Seventh Claim for Relief<br>Against Defendant Scott Christopher Miller</strong>

92.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

93.     This claim is brought against Scott Christopher Miller based upon his own negligence.

94.     At all times material hereto, Defendant Miller was an employee and/or agent of the Coolville Police Department, acting within the course and scope of his employment with the Coolville Police Department, and in furtherance of the interest of Defendant Coolville Police Department, and with Defendant Coolville Police Department's consent.

95.     Defendant Miller owed a duty to Plaintiff Seymour to act in a prudent and reasonable manner with regard to Plaintiff Seymour's health and safety. Defendant Miller breached the duty owed to Plaintiff Seymour by wantonly and willfully using unnecessary force against Plaintiff Seymour.

96.     Defendant Miller knew or should have known of the dangers posed by his aforementioned unreasonable actions and inactions; his failure to behave in a reasonable and prudent manner breached the duty owed to Plaintiff Seymour.

97.     Defendant Miller's actions and omissions were unreasonable, and actually and proximately caused the permanent and ongoing injuries and damages sustained by Plaintiff Seymour.

**Eighth Claim for Relief**
**Against Defendant Scott Christopher Miller**
**Battery**

98.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

99.     This is an action brought against Scott Christopher Miller based upon the intentional tort of battery.

100.     Defendant Miller acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, and intended to cause harmful or offensive bodily contact, when he beat, struck, and choked Plaintiff Seymour without justification on at least two separate occasions.

101.     Defendant Miller's actions actually and proximately caused the unjustifies and intentional, harmful, and offensive touching of Plaintiff Seymour's body without his consent, resulting in bodily injury and permanent and ongoing damages.

**Ninth Claim for Relief**
**Against Defendant Scott Christopher Miller**
**Intentional Infliction of Emotional Distress**

102.     Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

- 17 -
PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

103.    This claim is brough against Scott Christopher Miller in his individual capacity.

104.    Defendant Miller's actions were extreme, outrageous, and/or reckless conduct.  Defendant Miller's use of excessive force and his seizure of Plaintiff Seymour on at least two separate occasions was intended to inflict emotional harm on Plaintiff. On the night of May 29/30, 2020, specifically, Defendant Miller beat Plaintiff Seymour and placed him in a chokehold and strangled him. This strangulation lasted so long, and was so excessive, that Plaintiff Seymour lost control of his bodily fluid and defecated on himself while stating that he could not breathe and plead for his life.

105.    Defendant Miller's outrageous, extreme, and reckless actions actually and proximately caused Plaintiff Seymour to experience physical peril and psychological trauma, resulting in physical damages and permanent and ongoing psychological damages.

### Tenth Claim for Relief
### Against Defendant Village of Coolville
### Negligent Hiring, Training, and Supervision

106.    Plaintiff Seymour re-alleges all prior paragraphs of the Complaint as if set out here in full.

107.    This claim is brought against Defendant Village of Coolville based upon its police department's negligence in hiring, training, and supervising of Scott Christopher Miller.

108.    At all times material hereto, Defendant Miller was an employee and/or agent of the Coolville Police Department, acting within the course and scope of his employment with the Coolville Police Department, and in furtherance of the interest of the Coolville Police Department.

109.    Defendant Village of Coolville, by and through its employees and/or agents, owed a duty to Plaintiff Seymour to act in a prudent and reasonable manner with

regards to Plaintiff Seymour's health and safety. Defendant, the Village of Coolville, breached the duty owed to Plaintiff Seymour by the following actions and omissions:

    a.   failing to properly train Coolville Police Department officers, including but not limited to, how to use appropriate levels of force;

    b.   failing to terminate Defendant Miller when it became aware of Defendant Miller's incompetence and/or unsuitability for employment in general and when it was on notice of Defendant Miller's harmful propensity to use excessive force; and

    c.   failing to promulgate reasonable policies and procedures and/or promulgating unreasonable policies and/or procedures, and/or promulgating and/or ratifying unreasonable customs and practices as it relates to use of appropriate levels of force.

110.    Defendant, the Village of Coolville, knew or should have known of the dangers posed by failing to properly train and supervise its officers, negligently hiring and retaining its officers, negligent training on the proper use of force, and by promulgating and/or ratifying unreasonable policies and procedures and/or policies and customs.

111.    The Coolville Police Department's actions and omissions were unreasonable, and actually and proximately caused the permanent and ongoing injuries and damages sustained by Plaintiff Seymour.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Seymour respectfully demands judgment against Defendants and asks the Court for the following relief:

(a) Enter a declaratory judgment on behalf of Plaintiff Seymour that Defendants' policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted violations of the United States Constitution and violations of Ohio state law;

(b) Permanently enjoin and prohibit Defendants from interfering with Plaintiff Seymour's constitutional rights. Specifically, to enjoin Defendants from:

    a. Retaliating against Plaintiff Seymour, his family, or his friends for bringing this lawsuit; and

    b. Subjecting Plaintiff Seymour to civil rights violations in the future.

(c) Compensation for severe bodily injury;

(d) Past medical bills and expenses;

(e) Conscious pain and suffering;

(f) Punitive damages;

(g) Reasonable attorneys' fees and costs to Plaintiff on Federal 1983 Counts and O.R.C. §2307.60 counts;

(h) Any and all other and further relief as this Court may deem appropriate.

## VIII.  JURY DEMAND

Plaintiff Seymour demands trial by jury on all counts of the Complaint.

DATED: January 23, 2021                                    Respectfully submitted,


                                                           s/ *Michael L. Fradin*
                                                           Attorney for Plaintiff

                                              LAW OFFICE OF MICHAEL L. FRADIN
                                                           Michael L. Fradin, Esq.
                                                         8401 Crawford Ave. Ste. 104
                                                               Skokie, IL 60076
                                                        Telephone: 847-986-5889
                                                         Facsimile: 847-673-1228

Email: mike@fradinlaw.com

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL