# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

JAMES SEYMOUR,

    Plaintiff,

    v.

SCOTT CHRISTOPHER MILLER, *et al.*,

    Defendants.

Civil Action: **2:21-cv-313**

Judge: **Sarah D. Morrison**
Magistrate Judge: **Elizabeth P. Deavers**

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Is it okay for a chief of a police force to use his authority to stalk and target a person, tell that person's friends that he is a "pussy" and that the officer is going to close out and arrest that person, who has done nothing wrong? Is it okay for that officer to then proceed to pull the person over, slam him to the ground, choke him, beat him, arrest him, and falsify allegations of resisting arrest and obstructing official business against him? When the individual who was beaten and who suffered a bruised larynx is found not guilty of resisting arrest and not guilty of obstructing official business files a lawsuit six months after the incident and two months after the not-guilty verdict, has he not timely initiated civil litigation? Defendants wish this were the case but, as discussed below, it is not so.

## LEGAL STANDARD

In resolving Defendants' motion to dismiss, "the Court must construe [Plaintiff's] complaint in the light most favorable to [Plaintiff]." *Lyons v. Jacobs*, 2017 WL 4168369, at *2 (S.D. Ohio Sept. 20, 2017) (Marbley, J.) (citing *Total Ben. Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)). The Court must deny Defendants' motion if Plaintiff's pleading contains a "short and plain statement" that plausibly entitles them

to relief. *Lyons*, 2017 WL 4168369, at *2 (citing Fed. R. Civ. P. 8(a)(1) and supporting cases)).

## ARGUMENT

**A. Plaintiff's causes of action are premised on events that occurred on May 30, 2020**

The gravamen of Plaintiff's ORC 2307.60 counts are events that occurred on May 30, 2020, less than one year before the filing of Plaintiff's Compliant. Regardless, Defendants believe that they should be invulnerable from Plaintiff's 2307.60 claims because Defendant Miller also harassed Plaintiff in August, 2019. If this were true, a defendant could commit a tort against a Plaintiff and then forever be absolved from liability for all future torts. Because of this potential for absurdity, Ohio Courts look at each tort independently. See *Madvad v. Russell*, No. 96CA006652, 1997 WL 760898, at *3 (Ohio Ct. App. Nov. 19, 1997), holding that "because each assault constitutes a separate and independent tort, the statute of limitations must be applied individually to each assault."

**B. The Statute of Limitations does not begin to run until a tort is complete.**

As discussed above, the May 30, 2021 incident can be viewed independently from the August, 2019 incident. This Court could also apply the continuing tort doctrine. In the instance of a continuing act, there is constant, new damage until the conduct stops. See Restatement of the Law 2d, Torts (1979), Section 899, Comment *c.* and See *Boll v. Griffith* (1987), 41 Ohio App.3d 356, 358, 535 N.E.2d 1375 (statute of limitations not a bar to action of continuing trespass when constant weight of removed debris allegedly weakened party wall between adjoining landowners). See, also, *Harper v. Union Sav. Assn.* (N.D.Ohio 1977), 429 F.Supp. 1254 (mortgagors alleging foreclosure on account of race filed within statute of limitations when cause of action arose on date they would have been dispossessed but for court's temporary restraint upon the state court's writ of possession). The continuing tort doctrine extends the statute of

limitations to include the most recent tortious conduct. *Craver v. Doogan*, 2006-Ohio-1783, ¶ 11.

### C. The Torts being Committed against Plaintiff are Continuous in Nature

Defendant Miller's harassment of Plaintiff as well as the violations of Plaintiff's civil rights has been continuous. Although the first time Defendant Miller unjustifiably seized and beat Plaintiff Miller was in 2019, Defendant Miller's harassment did not stop then. Rather, in addition to threatening, beating, choking, and arresting Plaintiff in May, 2020, Defendant Miller has continued to follow Plaintiff, has threatened Plaintiff and his friends, and has unjustifiably pulled over vehicles driven by Plaintiff and his friends.

The harassment and abuse was most severe in Spring, 2020, when Defendant Miller told Plaintiff's friend, Jessie Harris, that that Defendant Miller "had it" was intending to "take [Plaintiff Seymour] down." Defendant Miller also told Kelly Pagett, in a recorded conversation, that Plaintiff Seymour was afraid to leave his house because Defendant Miller was "out roaming around" and that Plaintiff Seymour was the biggest "pussy" that he had met in his life and that he was going to get things "closed out" with Seymour.

Defendant Miller followed through on his promises and pulled Plaintiff Seymour over on May 30, 2020 and threatened Seymour, punched Seymour in the face, slammed Seymour to the ground, choked Seymour until he defecated, and unjustifiably and illegally arrested Seymour. Not only was this a violation of Plaintiff Seymour's civil rights, but Plaintiff Seymour also had to stand trial for falsified charges for which he was ultimately acquitted. Then, after this lawsuit was filed, Defendant Miller has followed and harassed Plaintiff Seymour, including pulling Plaintiff Seymour over immediately after Defendant Miller was served with process. This ongoing harassment is continuing in nature, even after the filing of this lawsuit.

D. **Even if this Court does not Consider the August, 2019 Incident, the Allegations of Harassment and Civil Rights and Statutory Violations Beginning in Spring, 2020 are Sufficient.**

If the Court views the August, 2019 and May, 2020 incidents separately, then Plaintiff can proceed independently for the torts related to the 2020 events, which are independently sufficiently severe. See *Madvad v. Russell*, No. 96CA006652, 1997 WL 760898, at *3 (Ohio Ct. App. Nov. 19, 1997). Plaintiff has brought suit within one year of the May, 2020 actions and Defendant's failure to acknowledge or address this in its Motion is, at best, misleading. Furthermore, since May, 2020, Defendant Miller has stalked Plaintiff, told Plaintiff's friends, in a recorded exchange, that Plaintiff was a "pussy" and that he would bring down Plaintiff, pulled Plaintiff over multiple times, and slammed, choked, beat, struck, arrested, and falsified criminal allegations against him. Then in November, 2020, Plaintiff was tried and found not guilty of Resisting Arrest and Obstructing Official Business. Then, after this lawsuit was filed, Defendant Miller pulled Plaintiff over in an attempt to intimidate him into dismissing the suit.

E. **Plaintiff Sufficiently Alleges Official Capacity and Monell-Type Claims**

Defendants argue that Plaintiff has not pled a sufficient custom or policy for an official capacity/ Monell-type claim. This argument ignores the allegations that Defendant Miller, the chief of the Coolville police department and with the support and cooperation of the Coolville police department, falsified allegations against Plaintiff that resulted in Plaintiff having to stand trial for crimes that he did not commit and that the Coolville Police Department knew he did not commit. Defendants note but then do not address the allegation that the Coolville Police Department maintained "a policy and practice of permitting Defendant Miller to make arrests and other policing decisions without any supervisory oversight." *First Amended* ¶77. Defendants note that Plaintiff further alleges that this policy and practice, combined with the indifference of the department, was a driving force of the harassment and civil rights violations,

but does not give a reason why this policy and practice is not enough. Defendants call these allegations vague and illusory. However, this is a specific policy of allowing arrests without any oversight. If it were not for this policy and practice, Defendant Miller likely would not have been emboldened to not only tell people that he was going to arrest Plaintiff Seymour but actually follow through on his promises. The lack of oversight and deliberate indifference are critical factors in Defendant Miller's ability to terrorize Plaintiff without any repercussion. Defendant Miller even felt confident enough to pull Plaintiff over immediately after being served with this complaint – any degree of oversight and this kind of grotesque intimidation tactic and abuse of power would not be possible.

### F. **Defendants Ignore Ohio 2307.60 Jurisprudence.**

Ohio Rev. Code § 2307.60(A)(1) authorizes a civil action for damages for anyone injured by a criminal act, regardless of whether any person has pleaded guilty to or been convicted of a criminal offense. *Chem. Bank v. Kausmeyer*, No. 4:15CV1850, 2016 WL 7178662, at *7 (N.D. Ohio Dec. 9, 2016). Citing *Jacobson v. Kaforey*, 39 N.E.3d 799 (2015), 143 Ohio St.3d 1502 (2015), the Court in *Chem Bank* held that 2307.60 independently authorizes a civil action for damages from violations of criminal acts regardless of whether or not there was a parallel civil cause of exactly.

It did so because, "that is exactly what the plain language of the statute authorizes." *Id, citing* R.C. 2307.60(A)(1), which states that "[a]nyone injured in person or property by a criminal act *has*, and may recover full damages in, a civil action *unless specifically excepted by law* * * *."). There is no law which specifically excepts any of the alleged criminal violations here from the purview of § 2307.60. See *Chem. Bank v. Kausmeyer*, No. 4:15CV1850, 2016 WL 7178662, at *7 (N.D. Ohio Dec. 9, 2016).

### G. **Defendant Mischaracterizes Count 7**

Count 7 is not brought against the municipality or against Miller in his official capacity but is brought against Miller in his individual capacity, so R.C. 2744.03(A)(6) is applicable, not R.C. § 2744.02(B) *Cramer v. Auglaize Acres,* 113 Ohio St.3d 266, 865 N.E.2d 9, 2007–Ohio–1946, ¶ 17. R.C. 2744.03(A)(6) provides that an employee of a political subdivision is immune from liability, unless one of the following applies: (a) The employee's acts or omissions were manifestly outside of the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; *Mohat v. Horvath*, 2013-Ohio-4290, ¶¶ 16-18. Here, Plaintiff alleges that Miller, in his individual capacity, acted wantonly and wilfully and, therefore, R.C. 2744.03(A)(6)(b) is applicable. Defendants' arguments related to R.C. § 2744.02(B) is a red herring and should be disregarded.

### H. **Defendant's Arguments are Based in Fact and are Not Appropriate for Resolution at the Pleading Stage**

Defendants argue that, even if the district court follows ORC §2307.60 jurisprudence and recognizes that the statute creates an independent cause of action, those counts as well as the 1983 Counts should be dismissed anyway under the often-cited, often-misunderstood standards enunciated in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)*,* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). However, *Iqbal* does not require a Plaintiff to parse out his entire case and provide definitive proof of each element in a single pleading Instead, the inquiry into plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

Here, the First Amended Complaint is jam packed with fact specific allegations that support Plaintiff's claims. This Court should decline the invitation to find that Defendant Miller did not interfere with Plaintiff's civil rights when he punched, choked, beat, and threatened Plaintiff. The Court should decline the invitation to hold that it is not a dereliction of Defendant Miller's

duty to also tell Plaintiff's friends that Plaintiff is a "pussy" who he is going to close out and take down.  Likewise, this Court should decline the invitation to find that it is not a sham legal process to also arrest the Plaintiff and make false allegations against the Plaintiff resulting in Plaintiff standing trial for which he was found to be not-guilty.

Defendants' discussion of the traffic charge is mere misdirection that not only is it not part of the Plaintiff's pleading, but does not justify choking, beating, and arresting Plaintiff based on false allegations.  In fact, as discussed below, the non-guilty verdict implicates res judicata and collateral estoppel such that Defendants cannot argue that Plaintiff resisted arrest.

### I. Collateral Estoppel Bolsters Plaintiff's Pleadings

The doctrine of collateral estoppel bars any re-litigation of an issue which has previously been litigated and determined in prior action by the same parties or their privies.  *Contreras v. Simone*, 112 Ohio App. 3d 246, 678 N.E.2d 593 (1996).  It is undisputed that Plaintiff was found not guilty of Resisting Arrest and Obstructing Official Business in connection with the May 30, 2020 incident.  Defendant Miller, therefore, cannot argue that there is any justification for threatening, striking, choking, beating, or arresting Plaintiff Seymour on May 30, 2020.  Rather, Defendant Miller's dereliction of duty has been decided by a jury of his peers.  All of the defenses, legal rights, and interests of the parties, whether official or personal, are identical between the two cases even if there is variation between official and personal capacity of Defendant Miller. See *Kirkhart v. Keiper*, 2004-Ohio-1496, ¶ 14, 101 Ohio St. 3d 377, 380, 805 N.E.2d 1089, 1093.

### J. Plaintiff does not contest the dismissal of Count 10.

Respectfully submitted,

*Michael L. Fradin*
Attorney for Plaintiff, James Seymour

## CERTIFICATE OF SERVICE

      This will certify that the foregoing will be served electronically on June 1, 2021 to Defendants' counsel, listed below, via this Court's ECF.

csark@lambert-law.org
Cassaundra L. Sark
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
Counsel for Defendants

                                           *s/Michael L. Fradin*

                                           Michael L. Fradin (0091739)
                                           8401 Crawford Ave. Ste. 104
                                           Skokie, IL 60076
                                           Phone: 847-644-3425
                                           Fax: 847-673-1228