UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SEYMOUR, | : | |
| | : | Case No. 2:21-cv-00313 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT CHRISTOPHER MILLER, *et al.*, | : | |
| | : | |
| DEFENDANTS. | : | |

**DEFENDANTS' REPLY IN SUPPORT OF THE PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

### I. Allegations Set Forth In Plaintiff's Response, Which Are Not Set Forth In The First Amended Complaint, Should Not Be Considered In Ruling On Defendants' Partial Motion To Dismiss.

Plaintiff's Response to Defendants' Partial Motion to Dismiss the First Amended Complaint (hereinafter, "Plaintiff's Response") (Doc. #: 15) is replete with allegations, which are not set forth in the First Amended Complaint, and legal conclusions that Plaintiff erroneously requests this Court consider. Caselaw clearly dictates that a court, in deciding a Rule 12(b)(6) motion, cannot consider facts outside the pleadings. *Holt v. Standard Ins. Co.*, No. 2:14-cv-253, *7 n.2 (E.D. Tenn. 2015) (citing *Passa v. City of Columbus*, 123 Fed. App'x 694, 697 (6th Cir. 2005) ("in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto")).[1]

---

[1] It is important to note that Defendants' Partial Motion to Dismiss referenced the two cases wherein James Seymour was charged as a result of the May 30, 2020, incident involving Defendant Miller. (*State of Ohio v. James A. Seymour*, Case No. 2020CRB00664 and *Village of Coolville v. James A. Seymour*, Case No. 2020TRD01717). "When a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits

Plaintiff is correct that a court must construe a complaint in a light most favorable to Plaintiff in resolving a motion to dismiss. (Doc. #: 15, PAGEID #: 116). However, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted). Thus, Defendants maintain that all legal conclusions and allegations, which are not set forth in the First Amended Complaint, should not be considered when ruling on Defendants' Partial Motion to Dismiss.

II. **Defendants' Argument Regarding The Statute Of Limitations Only Applies To Plaintiff's Claims That Occurred Prior To January 23, 2020.**

Plaintiff's Response alleges that "[t]he gravamen of Plaintiff's ORC 2307.60 counts are events that occurred on May 30, 2020, less than one year before the filing of Plaintiff's Complaint. Regardless, Defendants believe that they should be invulnerable from Plaintiff's 2307.60 claims because Defendant Miller also harassed Plaintiff in August, 2019." (Doc. #: 15, PAGEID #: 117). Moreover, Plaintiff alleges that he "has brought suit within one year of the May, 2020 actions and Defendant's failure to acknowledge or address this in its Motion is, at best, misleading." (Doc. #: 15, PAGEID #: 119). However, Defendants' Partial Motion to Dismiss is clear that the statute of limitations only bars Plaintiff's claims that occurred prior to January 23, 2020. In fact, Defendants' Motion specifically stated that "the incident that occurred on or around August 2019 cannot provide the basis for Plaintiff's battery and intentional infliction of emotional distress claims or

---

attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008). Two of the charges against Plaintiff, which occurred as a result of the May 30, 2020 incident with Defendant Miller, were set forth in the First Amended Complaint. (Doc. #: 13, ¶¶ 45-46). Interestingly, the First Amended Complaint omitted critical details, which are public record, wherein Plaintiff was also charged with Possession of Drug Paraphernalia, Signal Lights, which was amended to a Turn Signal Violation, and No Operator's License as a result of the May 30, 2020, incident. Thus, because the First Amended Complaint refers to the two charges, the May 30, 2020 incident is detailed, the cases are public record, and are central to the claims in this case, the reference to the two aforesaid cases may be considered by this Court in ruling on Defendants' Partial Motion to Dismiss.

the claims pursuant to R.C. § 2307.60." Additionally, the Statement of Facts in Defendants' Motion clearly sets forth allegations regarding the May 30, 2020 incident, and as a result, is not misleading. Thus, Defendants' Motion clearly set forth that the statute of limitations argument only applies to acts that occurred prior to January 23, 2020.

Moreover, Plaintiff's "continuing tort doctrine" argument is meritless. "Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Norgard v. Brush Wellman, Inc.,* 95 Ohio St.3d 165, 167 (2002) (citing *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998)). However, the continuing tort doctrine "generally applies where a plaintiff's injury is caused by cumulative exposure over time to instances of conduct that do not individually suffice to give rise to compensable detriment; that is 'where there is no single incident that can fairly or realistically be identified as the cause of significant harm.'" *Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 8-9 (6th Cir. 2015) (quoting *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (internal quotation marks omitted)). *See also Stanbury v. Bacardi*, 953 S.W.2d 671, 675 (Tenn. 1997) (applying the "continuing tort" doctrine where an employee became disabled after breathing chemical particles in his employer's facilities over a long period of time).

In *Nat'l Credit Union Admin. Bd. v. Ciuni & Panichi, Inc.*, No. 5:16-cv-455, *18-20 (N.D. Ohio 2019), the Plaintiff requested the Court apply the continuing tort doctrine because the defendants' negligence "was continuous from 2006 through late 2012." Plaintiff argued that "[t]he doctrine tolls the statute of limitations 'until the date of the last injury or when the tortious act ceased.'" *Id*. at *18. Under the continuing tort doctrine, "[w]here new harm occurs on a continuing basis due to continuing course of conduct, the statute of limitations begins anew each day of the harm." *Id*. (quoting *Ohio Edison Co. v. Wilkes*, No. 10MA174, 2012 WL 2308127, *9).

Ultimately, the Court in *Ciuni* did not apply the continuing tort doctrine and held that "[c]ourts have been extremely reluctant to apply [the continuing violation] doctrine outside the context of Title VII." *Id.* at *20 (citing *Nat'l Parks Conservation Ass'n v. Tenn. Valley Auth.*, 480 F.3d 410, 416 (6th Cir. 2007) (quoting *LRL Props. V. Portage Metro. Housing Auth.*, 55 F.3d 1097, 1005 N.3 (6th Cir. 1995)). To support its conclusion, the Court quoted *Nat'l Parks Conservation Ass'n*, which stated that "[c]ourts have long distinguished continuing violations, which toll the applicable statute of limitations, from repetitive discrete violations, which constitute independently actionable individual causes of action." *Id.* at 20 (quoting *Nat'l Parks Conservation Ass'n*, 480 F.3d at 417).

In the case before this Court, there are distinct, separate events, which provide the basis of Plaintiff's Complaint. The First Amended Complaint claims that there was an incident between Plaintiff and Defendant Miller in August of 2019. (Doc. #: 13). However, according to the First Amended Complaint, no incident occurred between Plaintiff and Defendant Miller again until May 30, 2020, approximately 9 months after the August 2019 incident. (Doc. #: 13). Nonetheless, Plaintiff asks this Court to apply the continuing tort doctrine because "Defendant Miller's harassment of Plaintiff as well as the violations of Plaintiff's civil rights has been continuous." (Doc. #: 15, PAGEID #: 118). If this Court accepted Plaintiff's reasoning, months, even years, could go by between two independent alleged tortious acts without the applicable statute of limitations beginning to run. This case does not present continuing alleged violations, but independent alleged tortious acts, and as a result, the continuing tort doctrine is inapplicable.

It should also be noted that Plaintiff attempts to use the alleged "harassment and abuse" of Plaintiff's friend(s) as a basis for applying the continuing tort doctrine. However, any alleged incident that occurred between Defendant Miller and Plaintiff's friends is irrelevant to the case

4

before this Court. Plaintiff's friends are not parties in this case. Moreover, the First Amended Complaint fails to allege any acts that occurred between August 2019 and May 2020. Thus, as explained above, the additional allegations set forth in Plaintiff's Response, which are not set forth in the First Amended Complaint, should not be considered when ruling on the Motion to Dismiss.

### III. Defendants Maintain That The First Amended Complaint Fails To Satisfy The Requirements Of *Monell*.

Plaintiff argues that Defendants ignore "the allegations that Defendant Miller, the chief of the Coolville police department and with the support and cooperation of the Coolville police department, falsified allegations against Plaintiff that resulted in Plaintiff having to stand trial for crimes that he did not commit and that the Coolville Police Department knew he did not commit." (Doc. #: 15, PAGEID #: 119). However, Plaintiff fails to mention that as a result of the incident that occurred on May 30, 2020, Plaintiff was actually charged with the following: (1) Resisting Arrest; (2) Obstructing Official Business; (3) Possession of Drug Paraphernalia; (4) Signal Lights, which was amended to a Turn Signal Violation; and (5) No Operator's License. (See *State of Ohio v. James A. Seymour*, Case No. 2020CRB00664 and *Village of Coolville v. James A. Seymour*, Case No. 2020TRD01717[2]). Ultimately, the Possession charge was dismissed. On November 12, 2020, a jury found Plaintiff not guilty of Resisting Arrest and Obstructing Official Business regarding the May 30, 2020 incident. (Doc. #: 13, ¶ 46). However, Plaintiff was found guilty, pursuant to a bench trial in front of Judge Grace on November 12, 2020, for the Turn Signal Violation and No Operator's License.

Nonetheless, Plaintiff's allegation is immaterial for purposes of establishing a § 1983 claim against Defendant Miller in his official capacity. As explained in the Partial Motion to Dismiss, to

---

[2] The docket for *Village of Coolville v. James Seymour*, Case No. 2020TRD01717, lists the offense date as 5/31/2020. However, the charges in this case stemmed from the same incident as the charges in *State of Ohio v. James Seymour*, Case No. 2020CRB00664.

establish a § 1983 claim, a plaintiff must (1) identify the policy; (2) connect the policy to the governmental entity; and (3) show injury of a constitutional magnitude incurred because of that policy's execution. *Alkire v. Irving*, 330 F.2d 802, 815 (6th Cir. 2003); *see also Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993). Plaintiff's Response argues that the First Amended Complaint did set forth a sufficient allegation of a policy and/or custom that caused the constitutional violation by alleging " 'a policy and practice of permitting Defendant Miller to make arrests and other policing decisions without any supervisory oversight.' *First Amended* ¶77." (Doc. #: 15, PAGEID #: 119). Nonetheless, Plaintiff's alleged policy and practice fails for the following reasons: (1) it is a conclusory allegation without any factual basis; (2) the First Amended Complaint does not allege a clear and persistent pattern of illegal activity; and (3) the First Amended Complaint does not set forth any allegation that the policy itself is unconstitutional.

### A. Plaintiff's Alleged Policy And Practice Constitutes A Conclusory Allegation.

A "[p]laintiff may not simply include a *Monell* claim in [the] Complaint as a matter of course by making the conclusory allegation that the alleged constitutional deprivations were due to a policy or custom of the [municipality]. Rather, Plaintiff must allege some actual facts suggesting as much." *Sistrunk v. City of Hillview*, No. 3:20-cv-406-BJB-CHL, *4-5 (W.D. Ky. 2021) (quoting *Grandizio v. Smith*, No. 14-3868, 2015 WL 58403, *6 (D.N.J. 2015)). *See also Anthony v. Roberson*, 26 F. App'x 419, 422 (6th Cir. 2001) ("conclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused Anthony's illegal arrest"). Thus, "[a]bsent factual allegations supporting inadequate training, deliberate indifference, and a causal relationship, the law does not allow a plaintiff to subject the government to litigation and discovery merely by asserting that a policy or custom exists." *Id.* at

*5. Moreover, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).

In *Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F.Supp.2d 747, 749 (M.D. Tenn. 2010), the defendant argued that the plaintiff failed to state a viable claim for municipal liability under § 1983 because the complaint merely recited the elements of a municipal liability claim without pleading additional facts. The *Hutchinson* court, while acknowledging that it was troubled by the application of *Iqbal* in the context of § 1983 municipal liability claims, nevertheless found plaintiff's assertion – that defendant municipality failed to adequately train its officers in stopping vehicles and/or ordering passengers out of those vehicles – was insufficient where there was no additional factual support in the complaint.

Likewise, in the case before this Court, Plaintiff is essentially arguing that Defendant Village of Coolville failed to adequately train Defendant Miller "to make arrests and other policing decisions without any supervisory oversight." (Doc. #: 15, PAGEID #: 119). This allegation fails to specify the actual policy and/or custom implemented by the Village of Coolville to establish Plaintiff's claim and is merely a conclusory allegation about a policy or practice that Plaintiff believes the Village of Coolville implemented. Accordingly, the First Amended Complaint fails to establish a *Monell* claim.

### B. The First Amended Complaint Fails To Allege A Clear And Persistent Pattern Of Illegal Activity.

To establish that a municipality has a policy or custom of inadequate training, a plaintiff must demonstrate a clear and persistent pattern of illegal activity. *Houpt v. City of Cleveland*, No. 1:13 CV 1836, *4 (N.D. Ohio 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 432 (holding that a claim that a police department had a policy or custom of condoning excessive force must be shown by a clear and persistent pattern)). Moreover, allegations only relating to individual

7

circumstances fail to establish a clear and persistent pattern of illegal activity. *See also Hill v. Cincinnati*, Case No. 1:09CV800, 2010 WL 3257725, *5 (S.D. Ohio 2010) (dismissing claim against the city where the plaintiff pleaded "only facts [that] … relate to her individual circumstances"), *report and recommendation adopted by*, 2010 WL 3527727 (S.D. Ohio 2010); *Lewis v. City of Cleveland*, No. 1:13CV580, *5 n.2 (N.D. Ohio 2013) ("The First Amended Complaint is devoid of facts regarding the failure to train and supervision provided to the officers, and of any facts to support deliberate indifference, such as facts that policymakers were on notice as to constitutional violations by officers or that a pattern of similar constitutional violations occurred. Such factual allegations are necessary to state a claim under § 1983 post *Twombly* and *Iqbal*."). Accordingly, because the First Amended Complaint fails to set forth allegations that demonstrate a clear and persistent pattern of illegal activity, Plaintiff's § 1983 claim fails.

### C. The First Amended Complaint Fails To Set Forth Allegations That The Policy Or Practice Is Unconstitutional.

Without proof that a policy itself is unconstitutional, a plaintiff must establish that the unconstitutional conduct took place on more than one incident. *Ashby v. Louisville Metro Corr. Med.*, Civil Action No. 5:18-cv-00048-TBR, *8 (W.D. Ky. 2020). *See also Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."). As explained above, the First Amended Complaint fails to set forth allegations establishing a clear and persistent pattern of illegal activity. Thus, in order to establish a *Monell* claim, the policy itself must be unconstitutional. In this case, Plaintiff argues that the Coolville Police Department maintained "a policy and practice of permitting Defendant Miller to make arrests and other policing decisions without any supervisory oversight. *First Amended* ¶77."

(Doc. #: 15, PAGEID #: 119). However, the First Amended Complaint fails to allege that the aforesaid "policy" is unconstitutional, and as a result, fails to set forth sufficient allegations to establish a § 1983 claim.

IV. **Plaintiff's Reply Ignores Caselaw Presented In The Partial Motion To Dismiss Regarding The Fourth, Fifth, and Sixth Claims.**

Plaintiff's Reply cites caselaw to support the argument that R.C. § 2307.60(A)(1) authorizes a civil action for damages for a person who is injured by a criminal act, regardless of whether that person has pleaded guilty to or been convicted of a criminal offense. (Doc. #: 15, PAGEID #: 120). However, Plaintiff's Response failed to address caselaw cited by Defendants that held "that a plaintiff cannot assert claims based on an alleged violation of a criminal statute because '[c]riminal violations are brought not in the name of an individual party but rather by, and on behalf of, the state of Ohio or its political subdivisions.'" *Phillips v. City of Cincinnati*, No. 1:18-cv-541, *16 (S.D. Ohio 2019) (quoting *Biomedical Innovations, Inc. v. McLaughlin*, 103 Ohio App.3d 122, 126 (1995); *see also Brunson v. City of Dayton*, 163 F.Supp.2d 919, 928 (S.D. Ohio 2001) (dismissing claim brought pursuant to R.C. 2921.45 because it is a criminal statute).

Nonetheless, even if this Court permits the Fourth, Fifth, and Sixth Claims to proceed, pursuant to R.C. § 2307.60, Defendants maintain that the Fourth and Sixth claims fail to set forth allegations to withstand a 12(B)(6) motion.

V. **Plaintiff's First Amended Complaint Does Not Denote In What Capacity He Is Suing Defendant Miller.**

The First Amended Complaint alleges that the Seventh Cause of Action "is brought against Scott Christopher Miller based upon his own gross negligence." (Doc. #: 13, ¶ 106). It then goes on to state that "Defendant Miller was an employee and/or agent of the Coolville Police Department, acting within the course and scope of his employment with the Coolville Police

Department, and in furtherance of the interest of Defendant Coolville Police Department, and with Defendant Coolville Police Department's consent." (Doc. #: 13, ¶ 107). Therefore, it appears that the allegations contained in the Amended Complaint are directed against Defendant Miller in his official capacity as an officer of the Village of Coolville.

VI. **Neither Res Judicata Nor Collateral Estoppel Bar The Introduction Of Traffic Charges Against Plaintiff That Occurred As A Result Of The May 30, 2020 Incident.**

Plaintiff alleges that "[t]he doctrine of collateral estoppel bars any re-litigation of an issue which has previously been litigated and determined in prior action by the same parties or their privies." (Doc. #: 15, PAGEID #: 122). Plaintiff further alleges that because Plaintiff was found not guilty of Resisting Arrest and Obstructing Official Business in connection with the May 30, 2020 incident, Defendant Miller "cannot argue that there is any justification for threatening, striking, choking, beating, or arresting Plaintiff Seymour on May 30, 2020." (Doc. #: 15, PAGEID #: 122). However, well-established caselaw undermines Plaintiff's argument.

A subsequent action is barred by res judicata if a prior final judgment on the merits exists, involving the identical cause of action and the same parties or their privies. *Manley v. Rufus Club Mozambique*, *Inc.*, 111 Ohio App.3d 260, 262 (1996) (citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108 (1969)). Additionally, collateral estoppel bars re-litigation of an issue if the same issue was actually litigated in a prior action involving the same parties or their privies. *Id*. (citing *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193 (1983)). However, "the general rule in Ohio is that a judgment in a criminal proceeding cannot operate as res judicata, or collateral estoppel, in a civil action to establish any fact determined in the criminal proceeding." *Booker v. City of Beachwood*, Case No. 1:06CV315, *6 (N.D. Ohio 2007) (quoting *Knott v. Sullivan*, 418 F.3d 561, 567 (6th Cir. 2005)). *See also State ex rel. Ferguson v. Court of Claims of Ohio*, 98 Ohio

St.3d 399, 403-04 (2003) ("The qualitative differences between civil and criminal proceedings [including the differing standards of proof, rules of discovery, and rules of evidence] militate against giving criminal judgments preclusive effect in civil or quasi-civil litigation."). Accordingly, Plaintiff's argument, regarding res judicata and/or collateral estoppel barring introduction of the charges against Plaintiff as a result of the May 30, 2020 incident, is meritless.

### VII. Conclusion

For the reasons set forth above, Defendants respectfully request this Court dismiss the claims set forth in the Partial Motion to Dismiss.

Respectfully Submitted,
Lambert Law Office

/s/ Cassaundra L. Sark
Randall L. Lambert (0017987)
Cassaundra L. Sark (0087766)
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of Defendants' Reply in Support of the Partial Motion to Dismiss the First Amended Complaint was provided via the Court's electronic filing system (CM/ECF) to all counsel of record on the 15th day of June 2021.

           Lambert Law Office

           /s/ Cassaundra L. Sark
           Cassaundra L. Sark (0087766)
           *Counsel for Defendants*