# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SEYMOUR, | : | |
| | : | Case No. 2:21-cv-00313 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT CHRISTOPHER MILLER, *et al.*, | : | |
| | : | |
| DEFENDANTS. | : | |

## ANSWER TO FIRST AMENDED COMPLAINT

Now come the Defendants, Village of Coolville, Ohio, and Scott Christopher Miller, by counsel, setting forth their responses to Plaintiff's First Amended Complaint, responding that:

1. Paragraph 1 does not set forth allegations that require an admission or denial.

2. Paragraph 2 does not set forth allegations that require an admission or denial.

3. Defendants admit the allegations set forth in Paragraph 3.

4. At the time the First Amended Complaint was filed, Defendant Scott Miller was the Village of Coolville's Chief of Police. As of today's date, Defendant Miller is no longer the Village of Coolville's Chief of Police. Defendant Miller was listed as a member of the IACP, but does not recall the exact date.

5. Defendants admit the allegations set forth in Paragraph 5.

6. Paragraph 6 does not set forth allegations that require an admission or denial.

7. Paragraph 7 does not set forth allegations that require an admission or denial.

8. Paragraph 8 does not set forth allegations that require an admission or denial.

9. Defendants admit that in August of 2019, Plaintiff was walking down Main Street. Defendants deny the remainder of the allegations set forth in Paragraph 9.

10. Defendants deny the allegations set forth in Paragraph 10.

11. At the time the First Amended Complaint was filed, Defendant Miller was the handler of the Village of Coolville's police dog. Defendants deny the remaining allegations set forth in Paragraph 11.

12. Defendants admit that Plaintiff was restrained, but deny the remaining allegations set forth in Paragraph 12.

13. Defendants admit the allegations set forth in Paragraph 13.

14. Defendants admit that Defendant Miller did not take Plaintiff to jail and called two Coolville Council members, Roxanna Chiki and Laura Toncray. Defendants deny the remaining allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16.

17. Defendants admit that Rose Tyman did appear at the scene of the incident, which took place on Main Street in Coolville. Defendants deny the remaining allegations set forth in Paragraph 17.

18. Defendants deny the allegations set forth in Paragraph 18.

19. Defendants admit that Plaintiff Seymour's mother was near the scene.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Defendants admit that Miller permitted Plaintiff to leave the scene and go home. Defendant Miller does not recall the amount of time Plaintiff was in the cruiser. Defendants deny the remaining allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22.

23. Defendants admit that Defendant Miller has pulled over Jessie Harris in Coolville, Ohio. Defendants lack knowledge regarding the exact date of Defendant Miller pulling over Jessie Harris.

24. Defendants admit that Defendant Miller discussed Plaintiff with Jessie Harris. Defendants deny the remaining allegations set forth in Paragraph 24.

25. Defendants lack knowledge to set forth a full and detailed response to the allegations contained in Paragraph 25, and therefore, deny such for lack of sufficient knowledge.

26. Defendants lack information to set forth a full and detailed response to the allegations contained in Paragraph 26, and therefore, deny such for lack of sufficient information.

27. Defendants admit the allegations set forth in Paragraph 27.

28. Defendants deny the allegations set forth in Paragraph 28.

29. Defendants admit that Defendant Miller's cruiser approached Plaintiff's motorcycle from behind and pulled Plaintiff over. Defendants lack sufficient information to set forth a full and detailed response to the remaining allegations set forth in Paragraph 29, and therefore, deny such for lack of sufficient information.

30. Defendants deny the allegations set forth in Paragraph 30.

31. Defendants admit that Defendant Miller told Plaintiff that he knows who he is during the stop and that he had a loud exhaust on his motorcycle. Defendants deny the remaining allegations set forth in Paragraph 31.

32. Defendants admit that other officers showed up to the scene and Defendant Miller did tell Plaintiff that he was a criminal. Defendants deny the remaining allegations set forth in Paragraph 32.

33. Defendants admit that Plaintiff attempted to call his fiancé, Rose Tyman, who was the Mayor for the Village of Coolville at that time. Defendant Miller instructed Plaintiff to get off the phone multiple times, and Plaintiff did not comply. Defendants deny the remaining allegations set forth in Paragraph 33.

34. Defendants admit that Defendant Miller did tell Plaintiff that he was a criminal. Defendants deny the allegations set forth the Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35.

36. Defendants deny the allegations set forth in Paragraph 36.

37. Defendants admit that Defendant Miller told Plaintiff that he was a criminal, and Plaintiff did say he could not breathe. Defendants deny the remaining allegations set forth in Paragraph 37.

38. Defendants deny the allegations set forth in Paragraph 38.

39. Defendants admit the allegations set forth in Paragraph 39.

40. Defendants admit that there was an Ohio State Highway Patrol Officer at the scene. Defendants lack sufficient knowledge regarding whether the Officer saw the scene and pulled over to check on the situation, and for that reason, deny the remaining allegations set forth in Paragraph 40.

41. Defendants admit the allegations set forth in Paragraph 41.

42. Defendants admit the allegations set forth in Paragraph 42.

43. Defendants admit the allegations set forth in Paragraph 43.

44. Defendants deny the allegations set forth in Paragraph 44.

45. Defendants admit that Plaintiff was charged and tried with Resisting Arrest and Obstructing Official Business. Defendants deny the remaining allegations set forth in Paragraph 45.

46. Defendants admit that an Athens County jury found Plaintiff not guilty of Resisting Arrest and Obstructing Official Business in connection with the May 30, 2020 arrest. Defendants deny that Plaintiff was arrested on May 20, 2020. Defendants lack sufficient information to know when the Athens County jury found Plaintiff not guilty of the aforesaid charges.

47. Defendants deny the allegations set forth in Paragraph 47.

48. Defendants deny the allegations set forth in Paragraph 48.

49. Defendants deny the allegations set forth in Paragraph 49.

50. Defendants deny the allegations set forth in Paragraph 50.

51. Defendants admit that Defendant Miller spoke with Kelly Pagett in or around Spring of 2020, but lack knowledge regarding what was specifically said during the interaction. For those reasons, Defendants deny the remaining allegations set forth in Paragraph 51.

52. Defendants deny the allegations set forth in Paragraph 52.

53. Defendants admit that Plaintiff was charged, tried, and found not guilty with Resisting Arrest and Obstructing Official Business in connection with Plaintiff's May 30, 2020, arrest. Defendants deny the remaining allegations set forth in Paragraph 53.

54. Defendants admit that on or about the time that Defendant Miller was served with process in this case, he effectuated a traffic stop involving Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 54.

55. Defendants deny the allegations set forth in Paragraph 55.

56. Defendants deny the allegations set forth in Paragraph 56.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Paragraph 58 does not set forth allegations that require an admission or denial.

59. Paragraph 59 does not set forth allegations that require an admission or denial.

60. Defendants admit the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

62. Defendants deny the allegations set forth in Paragraph 62.

63. Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations set forth in Paragraph 64.

65. Defendants deny the allegations set forth in Paragraph 65.

66. Paragraph 66 does not set forth allegations that require an admission or denial.

67. Paragraph 67 does not set forth allegations that require an admission or denial.

68. Defendants admit the allegations set forth in Paragraph 68.

69. Defendants admit that Plaintiff was placed in Defendant Miller's police cruiser. Defendants deny the remaining allegations set forth in Paragraph 69.

70. Defendants admit the allegations set forth in Paragraph 70.

71. Defendants deny the allegations set forth in Paragraph 71.

72. Paragraph 72 does not set forth allegations that require an admission or denial.

73. Paragraph 73 does not set forth allegations that require an admission or denial.

74. Defendants admit the allegations set forth in Paragraph 74.

75. Defendants admit the allegations set forth in Paragraph 75.

76. Defendants admit that at all times relevant to the First Amended Complaint, Defendant Miller acted under the color of law, as well as under the color of policies, practices and customs of the Coolville Police Department. Defendants deny the remaining allegations set forth in Paragraph 76.

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Paragraph 81 does not set forth allegations that require an admission or denial.

82. Paragraph 82 does not set forth allegations that require an admission or denial.

83. Defendants admit the allegations set forth in Paragraph 83.

84. Defendants admit that the language set forth in Paragraph 84 is similar to R.C. § 2921.45(A), but it is not a direct quote of the aforesaid statute.

85. Defendants deny the allegations set forth in Paragraph 85.

86. Defendants deny the allegations set forth in Paragraph 86.

87. Defendants admit that a jury found Plaintiff not guilty of Resisting Arrest and Obstructing Official Business. Defendants deny the remaining allegations set forth in Paragraph 87.

88. Paragraph 88 does not set forth allegations that require an admission or denial.

89. Paragraph 89 does not set forth allegations that require an admission or denial.

90. Defendants admit that the language set forth in Paragraph 90 is from R.C. 2921.44(A)(2).

91. Defendants admit that the language set forth in Paragraph 91 is from R.C. 2921.44(E).

92. Defendants deny the allegations set forth in Paragraph 92.

93. Defendants deny the allegations set forth in Paragraph 93.

94. Defendants deny the allegations set forth in Paragraph 94.

95. Defendants admit that a jury found Plaintiff not guilty of Resisting Arrest and Obstructing Official Business. Defendants deny any remaining allegations set forth in Paragraph 95.

96. Paragraph 96 does not set forth allegations that require an admission or denial.

97. Paragraph 97 does not set forth allegations that require an admission or denial.

98. Defendants admit that the language set forth in Paragraph 98 is from R.C. 2921.52.

99. Defendants deny the allegations set forth in Paragraph 99.

100. Defendants deny the allegations set forth in Paragraph 100.

101. Defendants deny the allegations set forth in Paragraph 101.

102. Defendants deny the allegations set forth in Paragraph 102.

103. Defendants deny the allegations set forth in Paragraph 103.

104. Defendants admit that a jury found Plaintiff not guilty of Resisting Arrest and Obstructing Official Business. Defendants deny any remaining allegations set forth in Paragraph 104.

105. Paragraph 105 does not set forth allegations that require an admission or denial.

106. Paragraph 106 does not set forth allegations that require an admission or denial.

107. Defendants admit the allegations set forth in Paragraph 107.

108. Defendants admit that Defendant Miller owed a duty to Plaintiff to act in a prudent and reasonable manner with regard to Plaintiff's health and safety. Defendants deny the remaining allegations set forth in Paragraph 108.

109. Defendants deny the allegations set forth in Paragraph 109.

110. Defendants deny the allegations set forth in Paragraph 110.

111. Paragraph 111 does not set forth allegations that require an admission or denial.

112. Paragraph 112 does not set forth allegations that require an admission or denial.

113. Defendants deny the allegations set forth in Paragraph 113.

114. Defendants deny the allegations set forth in Paragraph 114.

115. Paragraph 115 does not set forth allegations that require an admission or denial.

116. Paragraph 116 does not set forth allegations that require an admission or denial.

117. Defendants admit that Plaintiff, on the night of May 30, 2020, told Defendant Miller he could not breathe. Defendants deny the remaining allegations set forth in Paragraph 117.

118. Defendants deny the allegations set forth in Paragraph 118.

119. Paragraph 119 does not set forth allegations that require an admission or denial.

120. Paragraph 120 does not set forth allegations that require an admission or denial.

121. Defendants admit the allegations set forth in Paragraph 121.

122. Defendants admit that the Defendant Village of Coolville, by and through its employees and/or agents, owed a duty to Plaintiff Seymour to act in a prudent and reasonable manner with regards to Plaintiff Seymour's health and safety. Defendant denies the remaining allegations set forth in Paragraph 122.

123. Defendants deny the allegations set forth in Paragraph 123.

124. Defendants deny the allegations set forth in Paragraph 124.

# DEFENSES

1. To the extent Plaintiff's claims are based on the doctrine of respondeat superior, such claims are barred because the doctrine of respondeat superior is not a basis for recovery under 42 U.S.C. § 1983.

2. Defendants Village of Coolville and Scott Miller, in his official capacity, are not liable for the alleged actions of the agents or employees of the Village of Coolville as the acts, if true as set forth in the First Amended Complaint, were not performed pursuant to a policy or practice of the employer.

3. Plaintiff fails to state a claim upon which relief can be granted. Therefore, the First Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

4. Defendants are protected by qualified immunity.

5. The statute of limitations bars each cause of action.

6. The political subdivision herein and its employees at all times acted in good faith and made a good faith effort to substantially comply with all duties required thereof.

7. The Village of Coolville is immune from liability for punitive or exemplary damages pursuant to R.C. § 2744.05(A).

8. The Village of Coolville, and its employees and officeholders, are immune from liability pursuant to R.C. § 2744.02.

9. The Village of Coolville, and its employees and officeholders, are immune from liability pursuant to R.C. § 2744.03.

10. Defendants are entitled to the defenses, immunities, and statutory protections afforded to them pursuant to Ohio Revised Code Chapter 2744.

11. The First Amended Complaint filed in a civil action against a political subdivision, or an employee, to recover damages shall not specify in that demand any monetary amount for damages sought pursuant to R.C. § 2744.04.

12. Any award to plaintiff is subject to setoff and limitations pursuant to R.C. § 2744.05(B) and (C).

13. Defendants deny any remaining allegations set forth in Plaintiff's First Amended Complaint which may not have been specifically addressed in the Answer.

14. Defendants reserve the right to amend this Answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

WHEREFORE, Defendants herein pray that Plaintiff's First Amended Complaint be dismissed and such other relief as the Court deems just and proper.

Respectfully Submitted,
Lambert Law Office

/s/ Cassaundra L. Sark
Randall L. Lambert (0017987)
Cassaundra L. Sark (0087766)
215 South Fourth Street
P.O. Box 725
Ironton, OH 45638
(740) 532-4333
(740) 532-7341 – Fax
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the Answer to the First Amended Complaint was provided via the Court's electronic filing system (CM/ECF) to all counsel of record on the 12th day of January 2022.

                                                           Lambert Law Office

                                                           /s/ Cassaundra L. Sark
                                                           Cassaundra L. Sark (0087766)
                                                           *Counsel for Defendants*